IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff | |
| vs. | C.A. No. CA 07 124 ML |
| ONE LOT OF FIFTEEN THOUSAND NINE HUNDRED FORTY DOLLARS ($15,940) IN U.S. CURRENCY, Defendant | |

COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America, acting by and through the United States Attorney for the District of Rhode Island, in a civil cause for forfeiture, alleges upon information and belief:

1. That this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, 1356, and 1395, 21 U.S.C. § 881(a)(6), 31 U.S.C. § 5332, and 18 U.S.C. § 983. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1395.

2. That on or about September 10, 2006, the defendant currency, one lot of fifteen thousand nine hundred forty dollars ($15,940) in U.S. currency, was seized by members of the Rhode Island Airport Police at T.F. Green Airport, Warwick, Rhode Island. (see affidavit of Rhode Island Airport Police Officer Robert Lafond attached hereto and made a part hereof).

3. That on or before September 10, 2006, the defendant currency was used to facilitate the illegal possession and distribution of narcotics and was intended to be furnished in

exchange for narcotics in violation of 21 U.S.C. § 841 et. seq., to wit: Certified narcotics K-9 "Apollo" conducted a K-9 sniff on the $15,940.00 dollars in U.S. currency that had been obtained from Edith Torres. Apollo alerted in a positive manner to the presence of a narcotic odor on the U.S. currency. Torres admitted to having smuggled the currency into the United States for the purpose of purchasing clothing, but could not produce the clothing or any documentation to support her claim. (see affidavit of Rhode Island Airport Police Officer Robert Lafond attached hereto and made a part hereof).

4. That the defendant currency constitutes monies furnished or intended to be furnished in exchange for controlled substances and the proceeds of controlled substance exchanges as within the meaning of 21 U.S.C. § 881(a)(6).

5. That the defendant currency was involved in the offense, committed by Torres, of concealment of more than $10,000 in U.S. currency on her person while transporting said currency from a place outside of the United States to a place within the United States, in violation of 31 U.S.C. § 5332, and that the defendant currency constitutes the proceeds of such property, to wit: Edith Torres admitted to having brought the currency into the United States in the amount of $20,000, which she divided into $5,000 increments placed in different pockets on her person, without declaring the currency to the U.S. Customs agents.

6. That by reason of the foregoing, the defendant currency is forfeited to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6) and 31 U.S.C. § U.S.C. § 5332(b)(2).

7. That Edith Torres has sent a claim of ownership to the Drug Enforcement Administration causing the United States Attorney to bring this action pursuant to 18 U.S.C. § 983(a)(3).

WHEREFORE, plaintiff, the United States of America, prays that due process issue to enforce the forfeiture and to give notice to the interested parties to appear and show cause why forfeiture should not be decreed, that the defendant be condemned as forfeited to the United States of America and thereafter be disposed of according to law; and for all costs incurred as well as such other and further relief as this court may deem just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
michael.iannotti@usdoj.go

VERIFICATION

I, Michael P. Iannotti, being duly sworn, depose and say that I am an Assistant United States Attorney for the District of Rhode Island, that I have read the foregoing Complaint for Forfeiture in Rem, and that the contents thereof are true to the best of my knowledge, information, and belief.

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

Sworn to and subscribed to before me this 4th day of April, 2007.

Notary Public

My commission expires 8/27/09.

AFFIDAVIT

I, Robert Lafond, being duly sworn, depose and say:

1. I am a member of the Rhode Island Airport Police Department and have been continuously employed in this capacity for the last 9 years. In July of 2001, I was assigned to the Drug Enforcement Administration (DEA) as a full time Task Force Agent. My duties at the DEA included, but were not limited to, investigation of violations of the Uniform Controlled Substances Act and as a Narcotic K-9 handler. At the present time, I handle two certified narcotic K-9s "Houch" and "Apollo". Both K-9s are certified under the North American Police Working Dog Association. The last certification was in September 2006. I have attended numerous schools and seminars concerning drug investigations and narcotic K-9 handling techniques and procedures. In September 2006, I was reassigned to the Rhode Island Airport Police Department as a K-9 Handler.

2. This affidavit is submitted in support of the Complaint for Forfeiture *In Rem* against fifteen thousand nine hundred and forty dollars ($15,940.00) in U.S. currency seized by members of the Rhode Island Airport Police on September 10, 2006 from Edith TORRES at T.F. Green Airport in Warwick, Rhode Island.

3. On September 10, 2006, agents of the Transportation Security Administration (TSA) contacted airport police who

subsequently contacted me regarding a female in pcssession of a large sum of money inside three separate envelopes at the screening check point of T.F. Green Airport. The female was identified as Edith TORRES, Republic of Peru passport #2785569, with a date of birth of April 30, 1957. TORRES stated that she had $5,000 in U.S. currency on her person, was traveling with her brother, Miguel TORRES, and was to travel on Southwest Airlines flight #1159 to Orlando, FL. She told police that she was going to visit her sister Sara Miller of 401 Golden Isles Dr., Apt 715, Hallandale, FL 33009. TORRES further told police that she and her brother, Miguel TORRES, entered the United States on June 16, 2006, and stayed on Block Island, Rhode Island, at a private house. TORRES stated that the accommodations in Block Island were arranged by a man named Peter. TORRES did not know Peter's last name or any of Peter's contact information. TORRES also indicated that she rented the room from a woman named "Honey". TORRES did not know the address of the house nor could she provide any contact information for "Honey". TORRES said that she and her brother paid $160.00 cash per week for each room and did not have any receipts of payment. TORRES indicated that she had visited Block Island to purchase clothing and items so she could bring them back to Peru for resale. Although she was on Block Island for approximately 10 weeks, TORRES indicated that she did not have any clothing to

bring back to Peru for resale. TORRES also said that she made three to four trips to Providence, Rhode Island to purchase items and clothing from venders there, but could not produce any of these items or any documentation as to the sale, lodging receipts, or meal receipts during these purchasing trips. TORRES further stated that she had entered the United States with $20,000 in U.S. currency and that she never declared the $20,000 in U.S. currency to the U.S. Custom's Agents. To avoid detection, she said that she divided the $20,000 into $5,000 increments and placed the increments in different pockets on her person. TORRES indicated that she and her brother have been conducting that type of business for a few years.

4. When I arrived at the airport, I utilized my certified narcotic K-9 "Apollo" to conduct a K-9 sniff on the $15,940.00 dollars in U.S. currency that had been obtained from TORRES. Apollo alerted in a positive manner to the presence of a narcotic odor on the U.S. currency and I seized the currency. TORRES was released by the RI Airport Police pending a complete investigation.

5. On September 13, 2006, I removed the $15,940 from the secured vault at T.F. Green Airport and brought it to the DEA Resident Office in Warwick, Rhode Island. I removed a group of sample bills from the rest of the currency and placed the group of bills inside a clean glass mason jar. The mason jar was then

secured to a 4'x8' scratch board. I then took another clean mason jar and placed untainted shredded currency in the jar and secured the jar to the scratch board. Certified narcotic K-9 "Houch" conducted a narcotic sniff on the 4'x8'scratch board and "Houch" alerted in a positive manner to the presence of a narcotic odor on the mason jar. Note: this narcotic K-9 sniff was witnessed by Special Agent Robyn Meletis.

6. Based upon the foregoing, there is probable cause to believe that the $15,940 in U.S. currency, referred to in paragraph 2 above, was furnished and intended to be furnished in exchange for a controlled substance, and constitutes the proceeds of the exchange of controlled substances, and that said currency is, therefore, subject to seizure and forfeiture pursuant to Title 21 U.S.C. Section 881 (a) (6).

7. Based upon the foregoing, there is probable cause to believe that the $15,940 in U.S. currency, referred to in paragraph 2 above, was involved in the offense, committed by TORRES, of concealment of more than $10,000 in U.S. currency on her person while transporting said currency from a place outside of the United States to a place within the United States, in violation of 31 U.S.C. § 5332, and that the $15,940 in U.S. currency constitutes the proceeds of such property, and that, therefore, said currency is subject to seizure and forfeiture to the United States pursuant to 31 U.S.C. § 5332 (b)(2).

ROBERT G. LAFOND
Police Officer
Rhode Island Airport Police

Subscribed and sworn to before me
This 3rd day of April, 2007.

Notary Public

My commission expires: 8/27/09